**P. LORILLARD COMPANY, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 54, Docket 28935.**

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1964.

Decided Nov. 24, 1964.

---

D. Chase Troxell, New York City (Perkins, Daniels & McCormack, New York City, of counsel), for appellant.

Clarence M. Dunnaville, Jr., Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, Lawrence Vogel, Asst. U. S. Atty., on the brief, and I. Henry Kutz, Atty., Dept. of Justice, of counsel), for appellee.

Before LUMBARD, Chief Judge, and HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

In 1959 the taxpayer, which elected to pay its tax in two installments, applied on Form 7004 for an extension of time to file its return. On the form the taxpayer (1) estimated its tentative tax at less than it proved later to be, and (2) paid an amount that, together with payments previously made on estimated tax, equalled more than half of the tentative tax reported on the form and more than half of the tax which finally was computed to be due. The Commissioner assessed interest on the difference between the tax due and the tentative tax reported on Form 7004. The issue in the case is whether the Commissioner was justified in assessing this interest.

Section 6601(c) (2) (B) of the Internal Revenue Code of 1954 requires the payment of interest "on any portion of the tax not shown on the return." Taxpayer contends that Form 7004 is not a "return." We hold that Form 7004 is a return for the purposes of this sec-

tion of the statute. Not only does the form do the duty of a tentative return, but to hold otherwise would mean that a taxpayer who filed Form 1120 would have to pay interest on a deficiency while a taxpayer who filed Form 7004 would not. Clearly Congress did not intend that by applying for an extension of time a taxpayer would become entitled to the additional privilege of underestimating its tax and having the use free of interest of the government's money during the period of the extension.

The taxpayer claims alternatively that the payment of the excess over half the tentative and final tax should be taken as payment of the deficiency. At the time that the payment was made the taxpayer intended to pay a part of the remaining tax shown on Form 7004. It did not intend to pay a deficiency of which it was presumably unaware. The Commissioner received the payment as a credit toward the unpaid part of the tax reported in Form 7004 not as a payment on a deficiency which might develop in the future. To apply the payment to the deficiency would be highly "artificial," as Judge Levet remarked.

Affirmed.